U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 2 7 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **COREGIS INSURANCE COMPANY** | **CIVIL ACTION NO. 2:06 CV 0353** |
| **VERSUS** | **JUDGE MINALDI** |
| **TANYA GUILLORY, JODY BENOIT, JOHN DOE, ON BEHALF OF THE MINOR CHLD, JANE DOE, AND ALLEN PARISH SCHOOL BOARD** | **MAGISTRATE JUDGE WILSON** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b) 1 AND 6, AS WELL AS THE MEMORANDUM IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF COREGIS INSURANCE COMPANY

#### SUMMARY OF THE PROBLEMS RECOGNIZED HEREIN:

Complainant, Coregis Insurance Company, herein seeks this Court to essentially determine that it does not have any "State Court" liability, including the responsibility to provide a Defense, arising out of a State Court Tort claim, prior to the parties conducting discovery in the State Court Proceeding. Further, Coregis seeks this Court to invoke its Jurisdiction in a claim where, had Coregis been named in the State Court Proceeding, Coregis would not have the Jurisdiction to bring the above captioned claim. Further, Coregis, a Foreign Insurance Company, essentially, is trying to deny coverage to its client, at the beginning of a lawsuit, rather than at a time in the State Court proceeding when a proper determination can be made as to whether it has any liability under the policy, under a Motion for Summary Judgment. Granting relief to Defendant would open a pandoras box for every Foreign Insurance Carrier running to Federal Court and filing an action for declaratory relief, seeking to avoid liability in any State Court proceeding.

## EXCLUSIONS IN POLICY NOT IN DISPUTE:

As a general observation, the undersigned counsel does not disagree with the applicability of the case law cited by Coregis insofar as it is entitled to enforcement of its exclusions under the policy of insurance at issue. However, the undersigned raises the issue of how a Federal Court can usurp the State Court's finding of fact on an issue not yet addressed in discovery in the underlying State Court proceeding. An even bigger issue is that Coregis is asking this Court to make a legal determination, prior to completion of necessary discovery, as to whether the State Court discovery provides evidence to support "vicarious" liability of the Defendant for its failure to properly supervise and/or train its employees, or to have appropriate safeguards in effect to protect the "students" from inappropriate actions of their respective teachers.

## REQUEST FOR DECLARATORY RELIEF IS PREMATURE:

The undersigned counsel refers this Court to review the relative recent United States Supreme Court case of *Wilton v. Seven Falls Company, et al., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed. 2d 214 (June 12, 1995); see also Torch v. LeBlanc, 947 F.2d 193 (U.S. 5th Cir. 1991).* The *Wilton* case arises out of a Texas State Court claim, wherein the Defendant refused to defend or indemnify respondents arising out of several insurance policies, in litigation which ultimately culminated in judgments against respondent. Respondent advised that it intended to file state court claims against petitioner, which prompted petitioner to try and resolve this issue in Federal Court under the Declaratory Judgment Act. 28 U.S.C.A. § 2201. The Federal District Court refused to address the claims therein, instead staying the case until resolution of the State Court proceedings. The U.S. Fifth Circuit Court of Appeal, as well as the United States Supreme Court refused to overturn the Trial Court's stay of the Federal proceeding, even though there were judgments obtained

from the State Court proceedings.

It is clear in this proceeding that the issue of ultimate liability has not been resolved, as there is no underlying judgment against the Allen Parish School Board, or either of the individual defendants. For this reason, the undersigned counsel contends that continuing to entertain a request for declaratory relief prior to a State Court judgment against any Defendant is clearly improper and premature, as Defendant is not seeking applicability of a law to undisputed facts, but to undeveloped facts for which an insurer may or may not be liable. The undersigned counsel contends that until a final judgment on the "finding of fact" would be required before any Federal Court should even contemplate entertaining a lawsuit under the Declaratory Judgment Act, supra. Further, assuming that the plaintiff in the underlying State Court cause of action loses at trial, then the legal expenses incurred herein would have been incurred without a legally justifiable basis, and likewise should subject Coregis to penalties and attorney fees.

## **FORUM SHOPPING:**

Coregis seeks herein, to essentially ask this Court to make a ruling on facts not yet discovered relative to the State Court cause of action. For this Court to rule at this time on the merits of this claim, would require this Court to to determine the merits of the claims made by Coregis in advance of completion of discovery, and would effectively grant a Foreign insurer the opportunity to forum shop, should it not like the Court before whom the matter sits in the State Court proceeding. Put differently, granting relief in a case such as this essentially risks opening a pandoras box for any foreign defendant seeking to deny coverage under an insurance policy at issue, and would "reward" a foreign defendant for its attempts to avoid legitimate State Court Jurisdiction. But for the Declaratory Judgment Act, Defendant would have no other viable basis in which to file the above

captioned matter on an exlusive State Court cause of action, where there is no diversity of citizenship and no Federal question.

### APPROPRIATE STATE COURT REMEDY IS AVAILABLE IN A MOTION FOR SUMMARY JUDGMENT:

In the matter before this Court, the undersigned counsel contends that the most appropriate resolution would be to first see whether the Allen Parish School Board has any liability, prior to trying to address the issue of coverage. If ever there was a case of putting the "cart before the horse," this is the case. The undersigned counsel contends that it would be most appropriate to dismiss the above captioned proceeding, so that the parties can proceed with completing the State Court discovery, rather than trying to deal with this lawsuit before addressing the merits of the underlying claim. If, as Coregis herein suggests, that they have no liability for the actions of the individual defendants, and that it cannot be held liable for any action or inaction of the Allen Parish School Board, then arguably it would be released on a Motion for Summary Judgment at the conclusion of pending discovery in the State Court proceeding. Should it lose, it could clearly appeal that decision to the Louisiana Third Circuit Court of Appeal, and should it lose, it could file a writ application with the Louisiana Supreme Court.

Respectfully submitted,

LAWRENCE C. BILLEAUD
BAR ROLL NO.: 20106
706 West University Avenue
Lafayette, LA 70506
(337) 266-2055

8

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has this day been forwarded to all known counsel of record by placing same in the United States Mail, postage prepaid and properly addressed. Lafayette, Louisiana, this ___ day of June, 2007.

_____
**LAWRENCE C. BILLEAUD**