UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES, DIVISION

COREGIS INSURANCE COMPANY          DOCKET NO.: 2:06-CV-0353

VERSUS                             JUDGE: MINALDI

TANYA GUILLORY, JODY BENOIT,
JOHN DOE, ON BEHALF OF THE
MINOR CHILD, JANE DOE, AND
<u>ALLEN PARISH SCHOOL BOARD</u>          MAGISTRATE    JUDGE:
                                   WILSON


## <u>SUBSTITUTE MEMORANDUM IN SUPPORT OF<br>MOTION FOR SUMMARY JUDGMENT</u>


DANIEL G. BRENNER (18136)
ERIC J. MILLER (22120)
BOLEN, PARKER & BRENNER, LTD.
A PROFESSIONAL LAW CORPORATION
709 Versailles Boulevard
P. O. Box 11590
Alexandria, LA 71315-1590
Phone: (318) 445-8236
Fax: (318) 443-1770
ATTORNEYS FOR PLAINTIFF, COREGIS
INSURANCE COMPANY

# <u>TABLE OF CONTENTS</u>

I.      Statement of Facts                                                              5

II.     Argument                                                                        8
        A.      Standard for Summary Judgment                                           8
        B.      Under LA Law the Court Must Enforce the Policy Written                  9
        C.      The Insurance Policy Provisions at Issue                               11

III.    Conclusion                                                                     18

# TABLE OF AUTHORITIES

CASES:

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322; 106 S.Ct. 2548,
2552; 91 L.Ed.2d 265, 273 (1986)                                            9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586;
106 S.Ct. 1348, 1356; 89 L.Ed.2d 538, 552 (1986)                            9

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990)      9

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)   10

*Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 466 (5th Cir. 2005)   10

*LeBlanc v. Aysenne*, 05-0297 (La. 1/19/06); 921 So.2d 85, 89               10

*Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988).              10

*Ledbetter v. Concord General Corporation*, 95-0809, p.3 (La. 1/6/96);      10
665 So.2d 1166, 1169

*Valentine v. Bonneville Insurance Co.*, 96-1382, p.3 (La. 3/17/97);
691 So.2d 665, 668                                                          10

*Louisiana Ins. Guaranty Ass'n v. Interstate Fire & Casualty Co.*, 93-0911
(La. 1/14/94); 630 So.2d 759, 763 (La. 1994).                               11

*Robinson v. Heard*, 2001-1697 (La. 2/26/02); 809 So.2d 943, 945            11

*Adams v. Franchise Finance Corp. of America*, 96-855 (La. App. 3 Cir. 2/5/97);
689 So.2d 572, 576                                                          11

*State v. Stamper*, 615 So.2d 1359 (La. App. 2 Cir.,1993), citing
State v. Holstead, 354 So.2d 493 (La.1977).                                 13

*State v. Rollins*, 581 So.2d 379 (La. App. 4 Cir.1991)                     13

*Gills v. Brown*, 672 So.2d 1093 (La. App. 4 Cir.1996)                      14

_Young v. Brown_, 27,018 (La. App. 2 Cir.,1995); 658 So.2d 750                 14, 15

_Doe v. Breedlove_, 2004-0006 (La. App. 1 Cir. 2/11/05)                             15

_Doe v. Smith_, 573 So.2d 238, 241 (La. App. 1st Cir.1990), writ denied,           15
573 So.2d 1139 (La.1991)

_Pradillo v. Allstate Ins. Co._, 677 So.2d 1124 (La. App. 4 Cir.1996),             15

_Belsom v. Bravo_, 94-876 (La. App. 5 Cir. 4/25/95), 658 So.2d 1304,
writ denied, 95-1327 (La. 9/1/95), 659 So.2d 737                                    16


STATUTES:

La. C.C. Art. 2047                                                                  10
La. C.C. Art. 2315.7                                                                6, 7
La. R.S. 14:81                                                                      13
La. R.S. 14:81.2                                                                    13
La. R.S. 14:92                                                                      17
La. R.S. 14:93.10                                                                   17, 18
La. R.S. 14:93.12                                                                   17
La. R.S. 14:93.10-14                                                                18
Federal Rule of Civil Procedure 56(c)                                              9
Federal Rule of Civil Procedure 56(e)                                              9

## I.      STATEMENT OF FACTS

On August 31, 2005, "John Doe" filed a petition on behalf of his minor daughter,

"Jane Doe" in Allen Parish, Louisiana, seeking damages for personal injury.[1] Made

defendant in that petition were three persons/entities: 1) Tanya Guillory; 2) Jody Benoit;

and 3) Allen Parish School Board.[2] Doe claims that the state court defendants are liable

for damages suffered by Jane Doe as a result of the following alleged facts:

"5.

On Saturday, April 27, 2002, Tanya Guillory invited Jane Doe to attend along with other minors, a softball tournament being held in Sulphur, Louisiana.  Jane Doe attended the tournament by traveling in Guillory's vehicle to the tournament location, during which Guillory purchased and/or alcohol allowed [sic] to be consumed by the minors in the vehicle, including plaintiff.  Once at the tournament, Jane Doe's group was joined by Benoit.

6.

Throughout the evening of April 27, 2002, Benoit did commit sexual battery upon Jane by placing his hands on her buttocks and kissing her inappropriately, including the insertion of his tongue into her mouth, and attempting to place his bare hand upon her vaginal area under her clothes. Jody Benoit and/or Tanya Guillory also purchased alcohol and served it to Jane Doe and were present when Jane Doe consumed the alcohol.  It is believed that the alcohol was served to Jane Doe by Jody Benoit and/or Tanya Guillory in an effort to facilitate the sexual battery referenced above."

Doe's "Petition for Damages" further alleges the employment relationship

between the state court lawsuit defendants in the following allegation:

"11.

---

[1] The petition filed in State court is attached to the affidavit of Cale Smith, Exhibit 1, hereto.
[2] See petition attached to affidavit of Cale Smith, Exhibit 1, hereto.

At all times material hereto, Jody Benoit and Tanya Guillory were acting in the course and scope of their employment with the Allen Parish School Board; and therefore, Allen Parish School Board is vicariously liable for their acts referenced herein."

With the next allegation, Doe alleges a factual basis for vicarious liability and, therefore, solidary liability of the defendants:

"12.

Defendant's actions alleged herein, singularly and jointly in concert [sic], constitute the torts of assault and sexual battery pursuant to Louisiana Civil Code article 2315, et seq., for which petitioner sues for herein."

The following allegation adds a claim for exemplary damages against Benoit only:

"13.

Benoit's actions exhibit a wanton and reckless disregard for the rights and safety of Jane Doe; and as such, Benoit is liable for exemplary damages pursuant to Louisiana Civil Code article 2315.7."

Finally, John Doe asserts a personal action for recovery of his own damages in the following allegation:

"16.

Plaintiff, John Doe, individually, and as administrator of the estate of his minor child, Jane doe, is entitled to recover damages for his loss of consortium resulting from the injuries sustained by his child."

In paragraph 13, the Doe alleges the applicability of La. C.C. Art. 2315.7 to his claim, thereby alleging that Jane Doe was a minor on April 27, 2002. La. C.C. Art. 2315.7 provides as follows:

**Art. 2315.7   Liability for damages caused by criminal sexual activity occurring during childhood**

In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton and reckless disregard for the rights and safety of the person through **criminal sexual activity** which occurred **when the victim was seventeen years old or younger**, regardless of whether the defendant was prosecuted for his or her acts.   The provisions of this article shall be **applicable only to the perpetrator** of this **criminal sexual activity**. [emphasis added]

Though Doe has failed to affirmatively allege the age of Jane Doe, her age can be deduced from the allegations and filing date of the petition itself.

The first pertinent detail is that this suit was filed by "John Doe, on behalf of his minor child, Jane Doe." Thus, the lawsuit alleges that Jane Doe was 17 years of age, or younger, *on the date of the filing of the petition*, August 31, 2005.[3]  That fact necessarily indicates that "Jane Doe" was 14 years old or younger on April 27, 2002, the date of the alleged injury.

Similarly, the ages of the state court defendants, Guillory and Benoit, on April 27, 2002, is information relevant to the determination of the applicability of the criminal acts exclusion discussed below. Though Doe's petition does not allege the ages of Guillory and Benoit, it does allege that they were employees of the Allen Parish School Board. However, undersigned counsel submits that the status of the state court defendants, Benoit and Guillory, as adults, both over the age of 18, is not genuinely disputed by any of the parties hereto.

---

[3] The Clerk's stamp on the petition (attached to Exhibit 1) lists the filing date as August 31, 2005.

Coregis Insurance Company ("Coregis") issued a policy of liability insurance, policy number 651-011653, to Allen Parish School Board, with a coverage period of June 30, 2001, through June 30, 2002.[4] Though that policy provides liability coverage for employees of Allen Parish School Board subject to its own terms and conditions, it contains the following exclusion:

> "This insurance does not apply to liability for "damages" which are in whole or in part caused by or arising out of:
>
> . . .
>
> 6.      Fraud, dishonesty, criminal acts or omissions . . ."

## II.    LAW AND ARGUMENT

### A.    STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment "as to all or any part of a claim" when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law," *Celotex Corp. v. Catrett,* 477 U.S. 317, 322; 106 S.Ct. 2548, 2552; 91 L.Ed.2d 265, 273 (1986). The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case, *Celotex*, 477 U.S. at 323. Once the moving party supports its motion with affidavits and/or other evidence sufficient to show the absence of a genuine issue of material fact, the burden shifts to the opponent, who

---

[4] A copy of that policy of insurance is attached to Exhibit 2, hereto. The policy number and coverage period are on the first page of the policy. The pages of the policy are numbered at the top left of each page.

"must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586; 106 S.Ct. 1348, 1356; 89 L.Ed.2d 538, 552 (1986). The "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,'" *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990).

### B.   UNDER LOUISIANA LAW THE COURT MUST ENFORCE THE POLICY AS WRITTEN

When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Construction of insurance policies is a matter of state law. *Minter v. Great American Ins. Co. of New York,* 423 F.3d 460, 466 (5th Cir. 2005). An insurance policy is an agreement between the parties and should be construed using the general rules of interpretation of contracts. *LeBlanc v. Aysenne*, 05-0297 (La. 1/19/06); 921 So.2d 85, 89.

Certain elementary legal principles apply to the interpretation of insurance policies. *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988). Primarily, the intent of the parties determines the extent of coverage provided by a policy. *Ledbetter v. Concord General Corporation*, 95-0809, p.3 (La. 1/6/96); 665 So.2d 1166, 1169. Such

intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. *LeBlanc*, Id. At 89; La. C.C. Art. 2047. When the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation of the policy may be made in search of the parties' intent and the policy must be enforced as written. *Ledbetter*, Id. at 1169. An insurance policy should not be interpreted in an unreasonable or strained manner in order to enlarge or restrict its provisions beyond what is reasonably contemplated by the terms used in the policy so as to achieve absurd conclusions. *Valentine v. Bonneville Insurance Co.*, 96-1382, p.3 (La. 3/17/97); 691 So.2d 665, 668. Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. *Louisiana Ins. Guaranty Ass'n v. Interstate Fire & Casualty Co.*, 93-0911 (La. 1/14/94); 630 So.2d 759, 763 (La. 1994). The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists. *LeBlanc*, Id. at 89.

The interpretation of a contract is a legal question that can be resolved in the framework of a motion for summary judgment. *Robinson v. Heard*, 2001-1697 (La. 2/26/02); 809 So.2d 943, 945. When the language of a contract is clear and unambiguous, a court must interpret the contract solely by reference to the four corners of the document. *Adams v. Franchise Finance Corp. of America*, 96-855 (La. App. 3 Cir. 2/5/97); 689 So.2d 572, 576 (affirming grant of summary judgment).

## C.    THE INSURANCE POLICY PROVISIONS AT ISSUE

The Does' claims generally fall within the acts ordinarily covered pursuant to the following policy provision.

> "Subject to the limits of liability, the Company agrees to pay on behalf of an 'insured' all sums which an 'insured' shall become legally obligated to pay as 'damages';
>
> because of 'bodily injury' or 'property damage' to which this Insurance applies caused by an 'occurrence.'"[5]

Though the "criminal act" exclusion is discussed below, it must initially be noted that the allegations of the plaintiff's petition, e.g., that his child suffered emotional distress, mental anguish, embarrassment, humiliation and loss of enjoyment of life as a result of the actions of an employee of the named insured, generally fall within the scope of activity for which coverage is provided under the policy.

However, the applicable policy contains one pertinent exclusion that must be considered to properly address the issue of coverage. The pertinent exclusion is as follows:

> "This insurance does not apply to liability for "damages" which are in whole or in part caused by or arising out of:
>
> . . .
>
> 6.     Fraud, dishonesty, criminal acts or omissions . . ."[6]

The exclusion in question actually excludes coverage for injury "in whole or in part cause by or arising out of . . . criminal acts or omissions." The portion of this

---

[5] This language appears at page 26 of 84 of Exhibit 2. (Page numbers at top left of each page.)
[6] This language appears at page 27 or 84 of Exhibit 2.

exclusion pertinent to this motion for summary judgment is the phrase "criminal act." "Criminal" is susceptible of an exact definition. The violation of any criminal law would be a "criminal act." Thus the initial issue is whether Guillory's or Benoit's alleged actions violate any criminal law.

The Louisiana Criminal Code contains the following provisions:

**"§81.   Indecent behavior with juveniles**

A.   Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense."[7]

and,

**"§81.2. Molestation of a juvenile**

A.   Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense."[8]

According to Louisiana's appellate courts, a lewd and lascivious act is one tending to excite lust in a sexually immoral context, *State v. Stamper*  615 So.2d 1359 (La. App. 2 Cir.,1993), citing *State v. Holstead*, 354 So.2d 493 (La.1977). Kissing and attempting to touch the vagina of a 14 year-old girl (as alleged by the plaintiff) clearly constitutes lewd

---

[7] La. R.S. 14:81
[8] La. R.S. 14:81.2

and lascivious behavior and Louisiana cases support this conclusion. In *State v. Rollins*, 581 So.2d 379 (La. App. 4 Cir.1991), the defendant admitted that he held a victim tightly while the boy sat across his lap, that he rubbed his body on the victim's shoulder while being carried in the fireman's carry, that he hugged the victim tightly and kissed him. These acts were held to be adequate to support a conviction of indecent behavior with a juvenile. The acts alleged in this suit are far more egregious.

The mere criminality of an act, however, is not sufficient to effectuate the exclusion in question. In *Gills v. Brown* 672 So.2d 1093 (La. App. 4 Cir.1996), the Fourth Circuit held that a criminal act exclusion was contrary to public policy to the extent that it purported to exclude criminally negligent acts, i.e., unintentional criminal acts. The court reasoned that such an exclusion would bar coverage to almost any injury caused by negligence. The Court pointed out that speeding and letting a dog outside without a leash are "criminal acts" within the meaning of the exclusion but that injury caused thereby are the sorts of things for which people buy insurance. The Court in *Gills* held that the intentional act exclusion was applicable and affirmed the dismissal of the plaintiff's case..

*Gills* was, most likely following the rationale of the Louisiana Second Circuit in *Young v. Brown*, 27,018 (La. App. 2 Cir.,1995); 658 So.2d 750, a case decided two years earlier which addressed language more pertinent to this inquiry. The *Young v. Brown* court discussed the problem with an exclusion of "criminal acts."

> "The exclusion goes further, however, to exclude coverage for damages arising
> from the criminal acts of an insured. This too is in accord with public policy. The

- 13 -

phrase "criminal acts" obviously includes reprehensible conduct resulting in the commission of a general or specific intent crime. These offenses, such as murder or aggravated battery, are such that no reasonable purchaser of a liability policy could expect to insure himself against losses arising from such behavior. And yet, Louisiana's statutes also criminalize acts resulting from non-intentional misconduct. Losses, however, resulting from negligent, non-intentional conduct are precisely the losses a liability policy buyer expects to insure against. As such, we take issue with the legal breadth accorded the phrase "criminal acts" by the trial court." *Young v. Brown*, Id., at 753.

Based on its citation history, *Young v. Brown* is an extremely unpopular case in other states. However, its rationale has been followed by the Louisiana Fourth Circuit, even though it was followed without reference. It's holding has been agreed with by other courts and is basically this; In Louisiana, a "criminal acts" exclusion will only be applied to *intentional* criminal acts. In *Young v. Brown*, the court held that the exclusion is effective but limited to intentional criminal acts.

In *Doe v. Breedlove*, 2004-0006 (La. App. 1 Cir. 2/11/05), the Louisiana First Circuit held that an intentional act exclusion applied where the plaintiff alleged that the defendants surreptitiously gave her a date rape drug (by slipping it into her drink) and subsequently raped her while she was unconscious. In, *Doe v. Smith*, 573 So.2d 238, 241 (La. App. 1st Cir.1990), *writ denied*, 573 So.2d 1139 (La.1991), the same court held that an intentional act exclusion was applicable where the plaintiff alleged molestation of a juvenile. These two cases dealt with policy language that excluded coverage for injury "which may reasonably be expected to result from the intentional or criminal acts of an insured person." *Doe v. Smith* can be cited for the finding that molestation of a juvenile is

an intentional act and cannot result from mere negligence. It has been followed by a number of other cases and this principle is known as the "inferred intent" rule.

However, there is at least one case from the Louisiana Fourth Circuit that is contrary to most. In *Pradillo v. Allstate Ins. Co.*, 677 So.2d 1124 (La. App. 4 Cir.,1996), the plaintiffs' mentally handicapped adult daughter was allegedly raped by her next door neighbor who was interdicted due to head injuries sustained in an automobile accident. The factual dispute as to the adult daughter's capacity to understand the alleged acts was sufficient, in the view of the court, to prevent the application of an intentional or criminal act exclusion.

The exclusion in *Pradillo* was apparently held applicable without regard to the capacity of the insured to form intent. Though not necessary to its conclusion, the court seemed to be fixated upon the issue of the capacity for intent of the plaintiff even though the alleged attacker testified that he was aware of the plaintiff's mental incapacity. *Pradillo*, however, is the apparent anomaly and can be easily distinguished by the age of the victim, a fact that prevented the application of either of the criminal statutes at issue in the present inquiry. *Pradillo*'s real significance is as a finding contrary to *Belsom v. Bravo*, 94-876 (La. App. 5 Cir. 4/25/95), 658 So.2d 1304, *writ denied*, 95-1327 (La. 9/1/95), 659 So.2d 737, a case that extended the "inferred intent rule" to "a sexual assault case, regardless of the age of the persons involved."

There is another component to the state court plaintiff's allegations to which a criminal act inquiry is likely relevant. The following allegation appears in paragraph "6" of the plaintiff's petition:

> "It is believed that the alcohol was served to Jane Doe by Jody Benoit and/or Tanya Guillory in an effort to facilitate the sexual battery referenced above."

Because this allegation appears in the state court plaintiff's petition, the simple alleged provision of alcohol to Jane Doe by Tanya Guillory in relation to the damages suffered by the alleged advances by Benoit cannot be reasonably interpreted as an allegation of an unintentional criminal act. The plaintiff, in his petition, claims explicitly that alcohol was given to a minor to facilitate criminal sexual activity.

Since Jane Doe was, at the oldest, 14 years old on April 27, 2002, the state court plaintiff's allegations pertaining to the provision of alcohol, alone, constitute an allegation of criminal acts.

**La. R.S. 14:92**

> **"§ 92. Contributing to the delinquency of juveniles**
>
> A. Contributing to the delinquency of juveniles is the intentional enticing, aiding, soliciting, or permitting, by anyone over the age of seventeen, of any child under the age of seventeen, and no exception shall be made for a child who may be emancipated by marriage or otherwise, to:
>
> . . .
>
> (9) Violate any law of the state or ordinance of any parish or village, or town or city of the state.
>
> . . ."

- 16 -

The particular statute that provides for the illegality of the possession of alcoholic beverages by minors is La. R.S. 14:93.12, which states as follows:

**"§ 93.12. Purchase and public possession of alcoholic beverages; exceptions; penalties**

A. It is unlawful for any person under twenty-one years of age to purchase or have public possession of any alcoholic beverage.

.                                                      .                                                      ."

Finally, La. R.S. 14:93.10 applies to define the term "public possession" used in the foregoing statute, as follows:

**"§ 93.10. Definitions**

For purposes of R.S. 14:93.10 through 93.14, the following definitions shall apply:
.                                                      .                                                      .

(2) "Public possession" means the possession of any alcoholic beverage for any reason, including consumption, on any street or highway or in any public place or any place open to the public, including a club which is de facto open to the public. . . ."

## III.   CONCLUSION

Due to the way that the State court lawsuit has been pled by the plaintiffs, the "criminal acts" exclusion is clearly applicable with respect to the alleged actions of Guillory and Benoit both in providing alcohol to Doe and in sexually assaulting her. Thus, there is no coverage for Guillory's and Benoit's alleged acts under the policy issued by Coregis and which insured the Allen Parish School Board at the times pertinent to the plaintiff's State Court petition and the motion for summary judgment should be

granted declaring no coverage under the Coregis insurance policy for the acts alleged in the State Court petition.

*Respectfully submitted:*

BOLEN, PARKER & BRENNER, LTD.
A PROFESSIONAL LAW CORPORATION

BY:   /s/ Eric J. Miller
       DANIEL G. BRENNER – NO. 18136
       ERIC J. MILLER - NO. 22120
       709 Versailles Boulevard
       P. O. Box 11590
       Alexandria, LA 71315-1590
ATTORNEYS FOR PLAINTIFF, COREGIS
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this pleading has been filed electronically via the Court's CM/ECF system on May 25, 2007, and that such counsel as that system will not effect service have been served on May 25, 2007, by the United States Mail, postage prepaid.

                 */s/ Eric J. Miller*
                 ERIC J. MILLER