RECEIVED
IN LAKE CHARLES, LA

AUG - 1 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| COREGIS INSURANCE COMPANY | : | DOCKET NO. 06cv353 |
| VS. | : | JUDGE MINALDI |
| TANYA GUILLLORY, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 17] filed by Coregis Insurance Company ("Coregis"). The motion is opposed by defendant Allen Parish School Board ("APSB").

## BACKGROUND

On August 31, 2005, John Doe filed a petition individually and on behalf of his minor daughter, Jane Doe, in the 33rd Judicial District Court, Parish of Allen, State of Louisiana. The petition alleges, *inter alia*, that Tanya Guillory and Jody Benoit, employees of the APSB, served alcohol to and committed sexual battery upon Jane Doe.[1] John Doe alleges that at the time the tortious acts occurred, Guillory and Benoit were in the course and scope of their employment with APSB.[2]

On March 7, 2006, Coregis filed a complaint in this court seeking a declaration that the general liability policy it issued to APSB provides no coverage for the acts complained of in the state court lawsuit and that no defense is owed to any of the defendants in that suit. Coregis now moves

---

[1] Pl's Ex. A (Petition) ¶¶ 4-6.

[2] *Id.* ¶ 4.

for summary judgment on these issues.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[3] *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman,* 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. *See Celotex,* 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual

---

[3] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id* .; *see also Judwin Properties, Inc. v. United States Fire Ins. Co.,* 973 F.2d 432, 435 (5th Cir.1992).

2

inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077 (1992); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. FED.R.CIV.P. 56(e); *see also Topalian,* 954 F.2d at 1131.

## ANALYSIS

### *Abstention*

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration." However, the district court is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173 (1942); *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-87, 115 S.Ct. 2137 (1995). The basic question for the district court is "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." *Brillhart,* 316 U.S. at 495.

In deciding whether to exercise the discretion to decide or dismiss a declaratory judgment action, a district court should consider the seven nonexclusive factors identified by the Fifth Circuit in *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994). *See Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383 (5th Cir. 2003). The so-called *Trejo* factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-91.

With regard to the first factor, while there is a pending state lawsuit, the state lawsuit presents no apparent opportunity for Coregis to dispute coverage or its duty to defend. "Indeed, a frequent and useful occasion for a declaratory judgment action is to determine 'whether an accident is covered by a policy and whether the insurer is thus obligated to defend a tort action against its insured. The issues of coverage commonly cannot be litigated in the tort action . . . .'" *Atlantic Mut. Fire Ins. Co. of Savannah v. Cook*, 619 F.2d 553, 555 (5th Cir. 1980) (quoting 3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2760 (1973)).

The second *Trejo* factor does not weigh in favor of either party. On the one hand, the declaratory judgment action was filed by Coregis after the declaratory defendants initiated the state suit. On the other hand, Coregis has not been named in the state suit.

Regarding the third factor, it "does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity." *Sherwin-Williams*, 343 F.3d at 399. "Rather, it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants." *Id.* (citing *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1153 n. 3 (5th

Cir. 1985)).

As far as gaining precedence in time, it is perfectly sensible for Coregis to seek a determination of its duty to defend and coverage issues at the outset of the state tort litigation. Coregis's alternative would be to defend under a reservation of rights, though it is under no obligation to do so.

With respect to the fifth factor, the convenience of the forum, there is no indication that litigation in this court would inconvenience the parties or witnesses– all of the named declaratory defendants reside within the Western District. Moreover, adjudication of the declaratory plaintiff's action simply requires the interpretation of an insurance policy.

As to the sixth factor, judicial economy, a determination of Coregis's duty to defend and the coverage provided by the policy will avoid subsequent litigation of these same issues, as well as narrow the critical issues before the state court. The seventh factor is not relevant here.

In sum, the *Trejo* factors weigh in favor of exercising jurisdiction over Coregis's declaratory judgment action.

### Duty to Defend and Coverage

Under Louisiana law, an insurer's obligation to defend suits against its insured is broader than its liability for damage claims. *American Home Assur. Co. v. Czarniecki*, 230 So.2d 253, 259 (La. 1970). "[T]he insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." *Id.* In determining the duty to defend, the court should liberally construe and accept as true the allegations of the plaintiff's petition. *See id.*; *Vaughner v. Pulito*, 804 F.2d 873, 877 (5ᵗʰ Cir. 1986).

5

Coregis concedes that the "Does' claims generally fall within the acts ordinarily covered."[4] Coregis, however, argues that the policy's criminal acts exclusion excludes coverage for injury "in whole or in part caused by or arising out of...criminal acts or omissions."[5] In citing the criminal acts exclusion, Coregis has deceptively omitted the second sentence.

The omitted sentence reads, "The Company will, however, defend the 'Insured' against such claims, unless, the 'Insured' has been convicted of or pleads no contest or nolo contendere to a felony arising out of such conduct."[6] As there has been no allegation that Guillory or Benoit have been convicted of or plead to any crimes arising from the events sued upon in state court, the policy very clearly requires Coregis to provide a defense. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 764 (La. 1994) (if the policy is clear and unambiguous, the insurance contract will be enforced as written; the determination of whether a contract is clear or ambiguous is a question of law).

With regard to coverage, the policy does not define "criminal acts" and, in the absence of evidence that Guillory or Benoit have been formally charged, whether or not a criminal violation occurred is a disputed issue of material fact. As such, the court need not reach the issue of whether a criminal act exclusion is void as against public policy, as argued by APSB.

Accordingly, Coregis's Motion for Summary Judgment [doc. 17] will be denied. If Coregis is unable to introduce evidence that Guillory or Benoit have been convicted of or pleaded no contest

---

[4] Pl.'s Substitute Supp. Mem. 9.

[5] *Id.* at 11 (citing Policy [doc. 17-6], at p. 16).

[6] *Id.*

6

or nolo contendere to a felony within 30 days, this matter will be closed.

Lake Charles, Louisiana, this __31__ day of __July__, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT