United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2008

Charles R. Fulbruge III
Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 07-30844

---

D.C. Docket No. 2:06-CV-353

COREGIS INSURANCE CO

Plaintiff - Appellant

v.

SCHOOL BOARD OF ALLEN PARISH; TANYA GUILLORY; JODY BENOIT; JOHN DOE on behalf of, Jane Doe

Defendants - Appellees

Appeal from the United States District Court for the Western District of Louisiana, Lake Charles.

Before JONES, Chief Judge, and WIENER, and CLEMENT, Circuit Judges.

### J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: JUL 1 2008

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy   JUL 1 2008

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

June 6, 2008

No. 07-30844

Charles R. Fulbruge III
Clerk

COREGIS INSURANCE CO

Plaintiff-Appellant

v.

SCHOOL BOARD OF ALLEN PARISH; TANYA GUILLORY; JODY
BENOIT; JOHN DOE, ON BEHALF OF JANE DOE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-353

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff insurer challenges the district court's dismissal of its duty-to indemnify claim under the Declaratory Judgment Act. We vacate the dismissal and remand to the district court for reconsideration.

## BACKGROUND

On August 31, 2005, John Doe filed a petition individually and on behalf of his minor daughter, Jane Doe, in a Louisiana state court. The petition alleges,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-30844

*inter alia*, that Tanya Guillory and Jody Benoit, both employees of Allen Parish School Board ("APSB"), served alcohol to and committed sexual battery upon Jane Doe, who was a minor at the time of the incident.[1]  The petition named Guillory, Benoit, and APSB as defendants.

In March 2006, Coregis Insurance Company ("Coregis") filed this action in federal court[2] seeking a declaration that the general liability policy it issued to APSB provides no coverage for the acts complained of in the state court lawsuit, and that no defense is owed to any of the defendants in that suit. Coregis then moved for summary judgment on the basis that the policy's exclusion of liability for damages that arise out of "criminal acts" precluded defense or indemnity.  John Doe filed a motion to dismiss, arguing the case was not ripe because the Louisiana state court action had not yet determined whether APSB was liable.

The district court denied Coregis's motion and dismissed its claims with prejudice.  It concluded that the policy clearly indicated that Coregis was required to defend against John Doe's claims unless, according to the policy, "the 'Insured' has been convicted of or pleads no contest or *nolo contendere* to a felony arising out of such conduct," meaning "criminal acts."  Because Coregis produced no evidence that Guillory or Benoit pleaded to or were found guilty of any "criminal acts," Coregis's duty-to-defend claim was dismissed.

---

[1] The state lawsuit alleges that Jane Doe was 17 years of age or younger on the date of the filing of the petition, which was August 31, 2005. That indicates Jane Doe was 14 years old or younger when the alleged injury occurred on April 27, 2002.  It is undisputed that Guillory and Benoit were over the age of 18 at the time of the alleged injury.

[2] The complaint named Guillory, Benoit, APSB, and John Doe as defendants.

No. 07-30844

The district court also concluded that because the policy does not define "criminal acts," whether a criminal act occurred was a disputed issue of material fact precluding summary judgment. And when Coregis failed to produce evidence that Guillory and Benoit were charged with or convicted of criminal acts, the district court dismissed Coregis's duty-to-indemnify claim.[3] Coregis now appeals only the dismissal of its duty-to-indemnify claim.

## DISCUSSION

Coregis argues that the term "criminal acts" in the policy is unambiguous and, because Guillory and Benoit clearly committed criminal acts, the policy exclusion must be applied. APSB argues that the district court properly concluded that the term "criminal acts" was ambiguous. John Doe filed a brief arguing that the case was not ripe for review because the underlying state court action had not proceeded to discovery.

We review a district court's grant of summary judgment *de novo*. *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 464 (5th Cir. 2006). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The district court's interpretation of an insurance contract is a question of law also subject to *de novo* review. *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 700 (5th Cir. 1996).

The policy states:

This insurance does not apply to liability for "damages" which are in whole or in part caused by or arising out of: . . .

---

[3] The court declined to reach the issue whether the "criminal acts" exclusion was void under Louisiana public policy, as argued by APSB.

3

No. 07-30844

6. Fraud, dishonesty, *criminal acts* or omissions, or unlawful profit
or advantage. [Coregis] will, however, defend the "Insured" against
such claims, unless, the "Insured" has been convicted of or pleads no
contest or nolo contendere to a felony arising out of such conduct.

(Emphasis added.) We are asked to determine whether Guillory's and Benoit's
conduct, as pleaded by John Doe, amounted to "criminal acts" as that term is
defined in the policy. As noted above, the district court concluded this was a
disputed issue of material fact. But the district court later dismissed Coregis's
duty-to-indemnify claim when Coregis produced no evidence that Guillory and
Benoit were either charged with or convicted of "criminal acts." Essentially, the
district court granted summary judgment for APSB by concluding the policy's
"criminal acts" exclusion is triggered only when the insured is actually charged
or convicted of a "criminal act."

Here, the district court simply assumed that "criminal acts" required the
presence of a charge or conviction, but provided no analysis as to why that is the
case. Although the issue whether the "criminal acts" exclusion requires an
actual charge or conviction appears at first glance a fairly straightforward
analysis, courts across the nation have struggled to apply these exclusions. *See
generally* COUCH ON INSURANCE § 101:25; *see also Littlefield v. Acadia Ins. Co.*,
392 F.3d 1, 8 n.9 (1st Cir. 2004) (concluding "criminal acts" exclusion was
unambiguous, but noting the possibility that the exclusion may be ambiguous
in numerous other factual contexts). Louisiana appears to be no exception. *See,
e.g., Hooper v. State Farm Mut. Auto. Ins. Co.*, 782 So. 2d 1029, 1033 (La. Ct.
App. 2001) ("criminal acts" exclusion "clear and unambiguous"); *Young v. Brown*,
658 So. 2d 750, 754 (La. Ct. App. 1995) ("criminal acts" exclusion ambiguous and
void against public policy in some contexts); *see also Gills v. Brown*, 672 So. 2d

4

No. 07-30844

1093, 1097–98 (La. Ct. App. 1996) (discussing *Young* and "criminal acts" exclusion), *vacated by Gills v. Brown*, 675 So. 2d 274 (La. 1996).

In light of the difficulty courts have had interpreting "criminal acts" exclusions, as well as the fact-specific nature of the inquiry, further factual development at the state level is essential before a court decides whether Coregis must indemnify APSB, and this will prevent the federal court from rendering an unnecessary advisory opinion. The latter concern is compelling here because the parties have failed to provide *any* legal support for their interpretation of the relevant policy exclusion.

In *Northfield Insurance Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536–37 (5th Cir. 2004), we concluded, in a similar declaratory judgment action, that the district court properly ruled that the duty-to-indemnify issue was not ripe when the underlying state court lawsuit had not been completed. In such a circumstance, Texas law requires that after the district court concludes that the insurer has a duty to defend, the indemnity issue is nonjusticiable pending resolution of the liability suit.[4] Louisiana appears to apply the same rule as Texas.[5]

---

[4] Generally, Texas law considers the duty-to-indemnify question justiciable only after the underlying suit is concluded, unless "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis omitted).

[5] *See Quinlan v. Liberty Bank & Trust Co.*, 575 So. 2d 336, 348–49 (La. 1990) (concluding duty to indemnify in a liability insurance contract arises when liability attaches); *Mossy Motors, Inc. v. Cameras Am.*, 898 So. 2d 602, 607 (La. Ct. App. 2005) (stating that duty to indemnify issue was premature and nonjusticiable when liability had not yet been established in underlying litigation); *see also Nat'l Union Fire Ins. Co. v. St. Bernard Parish Gov't*, 2004 WL 877379, at *2 (E.D. La. Apr. 21, 2004) (concluding that duty to indemnify issue in declaratory judgment action was not ripe under Louisiana law when liability had not been established in underlying state court lawsuit).

No. 07-30844

Based on the reasoning of *Loving Home Care,* the district court erred by addressing the merits of Coregis's duty to indemnify. Lacking any facts in the summary judgment record, neither we nor the district court can discern whether criminal acts were actually perpetrated, nor can the federal courts properly interpret and apply on a vacant record the complicated body of case law relating to these exclusions. Consequently, we must vacate the district court's dismissal. On remand, the district court should consider staying Coregis's suit or dismissing it without prejudice until the underlying state court action is resolved. *See Loving Home Care,* 363 F.3d at 536–37 (noting that under the Declaratory Judgment Act, district courts have discretion to refuse to rule on the duty to indemnify pending completion of the underlying litigation).

For these reasons, the judgment of the district court is VACATED and the case is REMANDED.

RECEIVED

BY: _____

JUL 0 7 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
CHARLES R. FULBRUGE III
CLERK

**United States Court of Appeals**
FIFTH CIRCUIT
OFFICE OF THE CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

July 1, 2008

Mr Robert H Shemwell, Clerk
Western District of Louisiana, Lake Charles
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101

            No. 07-30844  Coregis Insurance Co v. Guillory
            USDC No.  2:06-CV-353

Enclosed, for the Western District of Louisiana, Lake Charles
only, is a certified copy of the judgment issued as the mandate.

Enclosed, for the Western District of Louisiana, Lake Charles
only, is a copy of the court's opinion.

The electronic copy of the record has been recycled.

                        Sincerely,

                        CHARLES R. FULBRUGE III, Clerk

            By: _____
                        Nancy Dolly, Deputy Clerk
                        504-310-7683

cc: (letter only)
        Honorable Patricia H Minaldi
        Mr Daniel G Brenner
        Mr Eric John Miller
        Mr Lawrence Charles Billeaud
        Ms Tanya Guillory
        Mr Joseph R Pousson Jr

MDT-1